UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY JANE RAMOS, § § *Plaintiff*, § § v. § § THE HOME DEPOT INC and HOME § DEPOT USA INC, § § *Defendants*. § | Civil Action No. 3:20-CV-01768-X |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Mary Jane Ramos's motion for a jury trial [Doc. No. 55]. Defendant Home Depot USA, Inc. (Home Depot) opposes the motion. For the reasons outlined below, the Court **GRANTS** the motion for a jury trial.[1]

## I. Legal Standard

Under the Seventh Amendment, a party in a suit at common law has the right to a trial by jury.[2] A party can waive this right in only two circumstances: either by express action or by failing to demand a jury trial within the requisite time.[3] Under Federal Rule of Civil Procedure 38, a party must demand a jury trial "no later than 14 days after the last pleading directed to the issue is served."[4] Failure to comply results in waiver.[5] Parties may also waive the right to a jury "by some express action

---

[1] The Court will establish the trial setting by separate order.

[2] U.S. CONST. amend. VII.

[3] *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir. 1980).

[4] FED. R. CIV. P. 38(b).

[5] FED. R. CIV. P. 38(d).

by the party or his attorney which evidences his decision not to exercise the right."[6]

Further, courts have discretion under Rule 39(b) to grant a jury trial on any issue for which a jury might have been demanded, even if the motion is untimely made.[7] According to the Fifth Circuit, when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.[8] A five factor test informs whether strong and compelling reasons against granting a jury trial exist: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."[9] Courts should not "simply tally the factors when deciding a Rule 39(b) motion and see whether more factors favor granting or denying the motion."[10] Courts must consider "all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury."[11] Courts are required "to grant a motion for jury

---

[6] *Bowles*, 629 F.2d at 1095.

[7] FED. R. CIV. P. 39(b).

[8] *Swofford v. B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964).

[9] *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990); *Centerboard Sec., LLC v. Benefuel, Inc.*, No. 3:15-CV-2611-G, 2016 WL 4207985, at *2 (N.D. Tex. Aug. 10, 2016) (Fish, J.).

[10] *Bell v. Gen. Am. Life Ins. Co.*, No. 3:13-CV-1846-D, 2014 WL 815382, at *2 (N.D. Tex. Mar. 3, 2014) (Fitzwater, C.J.).

[11] *Id.*

trial . . . 'in the absence of strong and compelling reasons to the contrary.'"[12]

## II. Analysis

Although Ramos's demand for a jury trial is untimely, Home Depot has not presented the Court with strong and compelling reasons to deny the motion. Home Depot's only argument for denying the motion is that it would delay the current trial setting. However, the parties have been preparing for this action to proceed before a jury. The Court has considered the relevant factors from the Fifth Circuit and determines that there are no strong and compelling reasons to deny a jury trial in this case.

## III. Conclusion

For the reasons outlined above, the Court **GRANTS** Ramos's motion for a jury trial. The Court will schedule the jury trial in a separate order.

**IT IS SO ORDERED** this 23rd day of November, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[12] *Jung v. 24 Hour Fitness USA, Inc.*, No. 4:17-CV-787, 2018 WL 6268481, at *4 (E.D. Tex. Nov. 30, 2018).