UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY JANE RAMOS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-01768-X |
| THE HOME DEPOT INC and HOME DEPOT USA INC | § § § § | |
| *Defendants.* | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are five pretrial motions: plaintiff Mary Jane Ramos's motion to exclude defendant Home Depot USA's (Home Depot) expert Dr. Benzel MacMaster [Doc. No. 74] and her motion for leave to file this motion [Doc. No. 71]; Ramos's supplement to her motion to exclude [Doc. No. 110]; Home Depot's motion to limit the testimony of Ramos's expert Scott Kutz, M.D. [Doc. No. 95]; and Home Depot's motion to limit the testimony of Ramos's expert Christopher Chun, M.D. [Doc. No. 97].

The Court **GRANTS** Ramos's motion for leave [Doc. No. 71]. For the reasons explained below, the Court **GRANTS** Home Depot's motions to limit the testimony of Ramos's experts Scott Kutz, M.D. and Christopher Chun, M.D. [Doc. No. 95 and Doc. No. 97], **GRANTS IN PART** and **DENIES IN PART** Ramos's motion to exclude the testimony of Home Depot's expert, Dr. Benzel MacMaster [Doc. No. 74], and **GRANTS** her supplemental motion to exclude [Doc. No. 110]. Any further motions to strike require a motion for leave.

## I. Legal Standards

Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence. Rule 702 permits opinion testimony from a witness "qualified as an expert by knowledge, skill, experience, training, or education" if the expert's knowledge will assist the trier of fact, and (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case."[1]  As a gatekeeper, this Court must permit only reliable and relevant testimony from qualified witnesses to be admitted as expert testimony.[2] The party offering the expert testimony has the burden of proof, by a preponderance of evidence, to show that the testimony is reliable and relevant.[3]

Expert testimony is relevant if it assists the trier of fact in understanding the evidence or determining a fact in issue.[4] Federal Rule of Evidence 401 further clarifies that relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without evidence" and "is of consequence in determining the action."[5]

---

[1] FED. R. EVID. 702.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

[3] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

[4] *Daubert*, 509 U.S. at 591.

[5] *See Mathis*, 302 F.3d at 460 (applying Rule 401 to expert testimony).

Expert testimony is reliable if "the reasoning or methodology underlying the testimony is scientifically valid."[6] Such testimony must be "more than subjective belief or unsupported speculation."[7] In other words, this Court need not admit testimony "that is connected to existing data only by the *ipse dixit* of the expert."[8] The Court also does not need to admit testimony based on indisputably wrong facts.[9] In conducting its analysis, the Court focuses on the reasonableness of the expert's approach regarding the matter to which his testimony is relevant and not on the conclusions generated by the expert's methodology.[10] The Court normally analyzes questions of reliability using the five nonexclusive factors known as the *Daubert* factors.[11]

## II. Analysis

### A. Ramos's Motion to Exclude

Ramos moves to exclude testimony from Home Depot's expert Benzel MacMaster. Home Depot designated MacMaster to provide expert testimony concerning the reasonableness and necessity of Ramos's treatment and medical bills. Ramos seeks to exclude MacMaster's testimony for three reasons: (1) his opinions are

---

[6] *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (citing *Daubert*, 509 U.S. at 592–93).

[7] *Daubert*, 509 U.S. at 590.

[8] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

[9] *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

[10] *Daubert*, 509 U.S. at 595; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153–54 (1999).

[11] The five nonexclusive *Daubert* factors are: (1) whether the expert's technique can be or has been tested; (2) whether the method has been subjected to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593–94.

irrelevant, unreliable, and confusing to the jury; (2) he is unqualified to testify to the reasonableness and necessity of medical bills that arise in areas outside of his expertise; and (3) his counter-affidavit is conclusory.

The Court first addresses Ramos's argument that MacMaster's affidavit should be excluded. The Court agrees, but for a different reason. Ramos argues that MacMaster's counter-affidavit should be excluded under Texas Civil Practice and Remedies Code § 18.001 as conclusory. But courts in this district have recently held that section 18.001 "is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship."[12] The Court finds the reasoning in these cases persuasive. Accordingly, the Court **GRANTS** the motions to strike MacMaster's section 18.001 counter affidavits.[13]

Next, the Court turns to Ramos's argument that MacMaster is unqualified to testify to the reasonableness and necessity of medical bills in areas outside of his expertise. MacMaster is an orthopedic surgeon who has been in practice for over forty years. But as to neurology, neurosurgery, anesthesiology, chiropractic medicine, and as a pain specialist, he testified that he has either never billed for these services or hasn't billed for them in excess of twenty to twenty-five years. Ramos argues that because MacMaster testified that he has not performed or billed for these fields in

---

[12] *Hearn v. Kroger Texas, L.P.*, No. 3:21-CV-1648-D, 2021 WL 5505651, at *1 (N.D. Tex. Nov. 23, 2021) (Fitzwater, J.) (collecting cases); *see also Sanchez v. Aldi Tex., LLC*, 2021 WL 4441982, at *2 (N.D. Tex. Apr. 28, 2021) (Kinkeade, J.) ("In light of the Texas Supreme Courts holdings that [§ 18.001] is purely procedural and the Fifth Circuit's analysis as to an analogous statute, the Court finds § 18.001 is inapplicable in federal court.").

[13] This logic also applies to the primary affidavits, but no party has moved to strike those yet.

twenty to twenty-five years, he is unqualified to testify to the reasonableness and necessity of expenses billed by these providers.[14]

In response, Home Depot argues that MacMaster is qualified to testify to whether the incurred charges were reasonable because he has been involved in coding and billing practices related to the treatment he provides and opines that he has prepared such billing for the procedures relevant to this matter for many years. And because MacMaster has knowledge of how such procedures are "coded," he has knowledge of how they are priced in the relevant medical communities. Home Depot further explains that MacMaster's reasonableness calculations are based on the submission of CPT codes, which MacMaster interpreted based on his training, education, and experience by looking at the Relative Value Unit assigned to each, and then multiplying by the conversion factor to provide a value for the services.

But as Ramos points out, this does not respond to her argument that MacMaster is unqualified to opine expenses in medical fields that he has not been involved with billing in over twenty-five years. Home Depot cites to *Rodriguez v. Transportes de Carga FEMA, S.A. de C.V.*[15] for the proposition that an orthopedic surgeon who had not practiced medicine in twenty years could still testify to the reasonableness and necessity of treatment and medical fees. However, in that case, the court noted that the plaintiff's claim that the doctor had not performed orthopedic

---

[14] Ramos includes radiology in her motion, but MacMaster testified that he bills for radiology "all the time." Doc. No. 76 at 147.

[15] 2020 WL 6938329, at *3 (S.D. Tex. July 28, 2020).

surgeries in twenty years was over broad.[16]  Instead, the doctor had "not performed orthopedic surgery as the *lead surgeon* in 20 years" but "retained privileges to assist in spinal surgery and . . . in fact assisted in such surgeries."[17]  The court found this to be a "crucial" distinction.[18]  Here however, MacMaster testified that he has not done billing for certain specialties, at all, in over twenty years.

The Court finds that MacMaster is generally qualified as an expert on matters relating to orthopedic surgery.  He has been a practicing orthopedic surgeon for forty years, is certified by the American Board of Orthopedic Surgery and has treated patients with the type of injuries at issue here.  But it is not clear to the Court what qualifies MacMaster to opine on the reasonableness of fees in fields that he has not done billing for in over twenty-five years.  "A doctor does not qualify as an expert in all medicine just because the doctor qualifies as an expert in one medical field."[19]  And where a **"witness is relying solely or primarily on experience, . . . the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."** [20]  As the gatekeeper, the Court must do more "than simply 'tak[e] the expert's word for it.'"[21]  Therefore, the Court **GRANTS** Ramos's motion on this ground; Home

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Starks v. Am. Airlines, Inc.*, No. 4:19-CV-00253-P, 2020 WL 8083686, at *5 (N.D. Tex. Nov. 23, 2020) (Pittman, J.) (cleaned up).

[20] FED. R. EVID. 702 advisory committee notes 2000 Amendments

[21] *Id.*

6

Depot has failed to meet its burden of proving that MacMaster is qualified to opine on the reasonableness of medical bills in areas outside of his expertise.

Finally, Ramos argues that MacMaster's opinions are irrelevant, unreliable, and confusing to the jury because (1) he improperly combines causation with his reasonableness and necessity analysis and (2) he provides contradictory opinions that render his opinions unreliable and confusing to the jury. The Court disagrees.

Ramos relies on the procedure in section 18.001 of the Texas Civil Practice and Remedies Code to argue that affidavits and counter-affidavits submitted under that section do not relate to or concern the causation element of a plaintiff's claims. MacMaster testified that he was not retained to testify to causation, but only to testify to whether past medical expenses were reasonable or necessary. Therefore, Ramos argues that MacMaster's testimony should be excluded because his opinions on reasonableness and necessity are improperly based on causation.

But as the Court explained above, section 18.001 does not apply in federal court. And the Court does not find that MacMaster's testimony is inadmissible under Rule 702 or *Daubert*, which are the standards this Court must apply. As explained above, MacMaster is generally qualified as an expert on matters relating to orthopedic surgery, and he has treated patients with the type of injuries at issue here. MacMaster reviewed Ramos's medical records, determined the nature and extent of her injuries from the fall, and then opined as to whether the treatment she received was necessary to treat her specific injuries. The Court **DENIES** the motion on this ground.

Second, Ramos argues that MacMaster's testimony is contradictory because he applies different and conflicting methods for determining reasonableness, which makes it unclear what the standard should be in the industry. Home Depot explained that MacMaster came to his conclusions by interpreting the CPT codes based on his training, education, and experience to opine that most charges were reasonable, but did not contest some of the charges because the parties agreed to pay. As to the remaining opinions on the reasonableness of medical bills that the Court has not excluded, challenges to the bases and sources of MacMaster's opinion are properly challenged at trial. The Fifth Circuit has noted that "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[22] Accordingly, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[23] The Court **DENIES** the motion on this ground.

### B. Home Depot's Motions to Limit Testimony

Home Depot moves to limit the testimony of two treating physicians: Scott Kutz and Christopher Chun. Home Depot argues that the treating physicians' testimony must be limited to the documents they used to treat Ramos. Neither Kutz nor Chun provided expert reports under Federal Rule of Evidence 26(a)(2)(B).

---

[22] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).
[23] *Daubert*, 509 U.S. at 596.

Ramos designated Kutz and Chun as non-retained expert witnesses— treating physicians.  Kutz has not been deposed.  Chun was deposed, and Home Depot alleges that he improperly relied on information and records outside of his records related to his treatment of Ramos.  Home Depot seeks to limit both physicians' testimony insofar as they are asked to testify to information that is outside of the records that they used in treating Ramos, including photographs that are not a part of their records, records they did not utilize or review in connection with their treatment of Ramos, and future medical expenses for procedures they cannot perform.  Home Depot argues that the physicians should not be allowed to testify to the reasonableness of any medical procedure that they do not have the knowledge, skill, experience, training, or education in.  Ramos did not respond to either motion.  The Court agrees with Home Depot.

Treating physicians are not required to produce reports under Rule 26(a)(2)(B); however, without reports, their testimony is "limited to any opinions stated in their office records."[24]  "[T]reating doctors have been allowed to express their opinions regarding causation and prognosis gathered from ordinary treatment of the patient."[25]  Their opinions "as to the cause of an injury or degree of future injury based on an examination of the patient are a necessary part of the treatment of the

---

[24] *Hannah v. United States*, No. CIV A 404-CV-643-Y, 2006 WL 2583190, at *4 (N.D. Tex. Sept. 1, 2006) (Means, J.), *aff'd*, 523 F.3d 597 (5th Cir. 2008); *see also* FED. R. CIV. P. 26(a)(2) (Advisory Committee Note, 1993 Amendments)  *Duke v. Lowe's Homes Ctrs., Inc.*, 2007 WL 3094894, at *1 (N.D. Miss. Oct. 19, 2007) (limiting treating physicians' testimony "to those facts and opinions contained in [the] medical records" because they did not submit an expert report).

[25] *Mattingly v. Home Depot*, No. 1:08-cv-341, 2009 WL 10676567, at *5 (E.D. Tex. Aug. 4, 2009).

9

patient."²⁶ But "[d]istrict courts in this circuit agree that the treating-physician exception to the expert report requirement applies only when the treating physician's opinion testimony is based on personal knowledge obtained from examining and treating an individual."²⁷ However, "[i]f the physician's opinion testimony is based on information learned outside the course of treatment, a written report is required."²⁸

Because neither treating physician has provided an expert report here, their testimony "is limited to the facts and circumstances developed during that physician's personal care and treatment."²⁹ Thus, they "may not offer opinion testimony based on information, such as medical records from other physicians or medical expense data, acquired outside the course of [Ramos's] treatment."³⁰ The Court **GRANTS** Home Depot's motion to limit the testimony of Kutz and Chun; their testimony is limited to their treatment of Ramos, the records they consulted in treating Ramos, and the bills and costs they incurred upon Ramos.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Home Depot's motions to limit the testimony of Ramos's experts Scott Kutz, M.D. and Christopher Chun, M.D.

---

²⁶ *Id.* (cleaned up).

²⁷ *Jenks v. Bigelow Arizona-TX-344. LP*, No. 3:07-CV-2152-P, 2009 WL 10704427, at *2 (N.D. Tex. June 17, 2009) (Solis, J.).

²⁸ *Id.*

²⁹ *Salas v. Transwood Logistics, Inc.*, No. 6:19-CV-101, 2021 WL 4483511, at *5 (S.D. Tex. July 7, 2021), *report and recommendation adopted*, No. 6:19-CV-00101, 2021 WL 4480746 (S.D. Tex. Sept. 30, 2021).

³⁰ *Id.*

[Doc. No. 92 and Doc. No. 97], **GRANTS IN PART** and **DENIES IN PART** Ramos's motion to exclude the testimony of Home Depot's expert, Dr. Benzel MacMaster [Doc. No. 74], and **GRANTS** her supplemental motion to exclude [Doc. No. 110]. Any further motions to strike require a motion for leave.

    **IT IS SO ORDERED** this 1st day of March, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE