UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY JANE RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-01768-X |
| | § | |
| THE HOME DEPOT INC and | § | |
| HOME DEPOT USA INC, | § | |
| | § | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Mary Jane Ramos sued Home Depot USA, Inc. (Home Depot) for personal injuries arising out of a slip and fall. Home Depot filed a motion in limine [Doc. No. 80], as did Ramos [Doc. No. 81]. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Home Depot's motion and **GRANTS IN PART** and **DENIES IN PART** Ramos's motion.

### I. Legal Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."[1] "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds."[2] To that end, "[e]videntiary rulings 'should often be deferred until trial so

---

[1] *King v. Cole's Poultry, LLC*, No. 1:14-CV-88, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (cleaned up).

[2] *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13–CV–00129 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015 (quoting *Fair v. Allen*, No. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)).

1

that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'"[3]

### III. Analysis

#### A.  Home Depot's Motion

*1.  Any reference to prior instances of algae on the floor of the Garden Department.*

Home Depot argues these references were not disclosed in discovery and would cause unfair prejudice, undue delay, and mislead the jury under Rules 401, 403 and 404(b) of the Federal Rules of Evidence.  Ramos objects, arguing that this evidence is relevant to multiple issues in the case including "Home Depot's knowledge of algae build up, Home Depot's cleaning policies and procedures, and the ability for algae to grow on the ground at all."[4]  She also contends that other instances of algae on the floor were in fact disclosed in discovery.  Home Depot cites to Rule 404(b) but does not explain how this evidence is improper under that rule.

The Court finds that the evidence may be relevant and is not unfairly prejudicial.  The Court **DENIES** the motion on this issue.

*2.  Any reference to other employees' and/or customers' injuries at Home Depot.*

Home Depot provides no authority or explanation for this request.  Nor does it object to specific evidence it seeks to exclude.  The Court **DENIES** the motion as premature and will consider the admissibility of specific evidence in the context of trial.

---

[3] *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, No. C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

[4] Doc. No. 104 at 3.

*3.     Plaintiff's attempt to elicit expert testimony from any of her fact witnesses unless they have been properly designated as experts as required by the Federal Rules of Civil Procedure and/or have personal knowledge of the facts relevant to the claims made basis of this suit.*

Although Home Depot is correct that Ramos may not elicit expert testimony from fact witnesses, Home Depot does not object to specific testimony, so the Court lacks a sufficiently developed record to determine the admissibility witness testimony. Accordingly, the Court **DENIES** the motion as premature with respect to this issue and will entertain objections to witness testimony at trial.

*4.     Any and all references to any disciplinary action, deficiency write ups or other admonishments to any Home Depot associate that is unrelated or not substantially similar to the incident made the basis of this suit.*

Ramos does not object to this limine request. Therefore, the Court **GRANTS** the motion as to this issue.

*5.     Any and all references by Plaintiff or Plaintiff's counsel regarding any percentage of negligence.*

Ramos does not object to this limine request. Therefore, the Court **GRANTS** the motion as to this issue.

*6.     Any reference to any Occupational Safety and Health Administration violations or investigations at Home Depot that are not related to or arising from the incident made the basis of this suit.*

Ramos does not object to this limine request. Therefore, the Court **GRANTS** the motion as to this issue.

*7.     Any references in the admissible medical records that include estimated costs for medical procedures that have not been performed.*

Home Depot contends that any such evidence would not be considered a "medical record" for treatment provided as an exception to the rule against hearsay.

3

Moreover, it argues generally, without explanation, that this evidence is irrelevant and would cause unfair prejudice, undue delay, and would mislead the jury. As Ramos points out, one question at the heart of this case is the extent of Ramos's past and future medical expenses, so the evidence is relevant. Because Home Depot does not object to specific statements within Ramos's records it believes should be excluded, and because Ramos plans to have her providers testify at trial as to her future medical costs, the Court **DENIES** the motion as premature but will entertain appropriate objections at trial.

*8. Any reference by any treating physician to medical treatment provided to Plaintiff that was not performed by that physician.*

This issue was addressed in the Court's Memorandum Opinion and Order on Home Depot's motion to limit the testimony of two of Ramos's treating physicians. The Court **DENIES** the motion on this issue **AS MOOT**. To the extent that there are additional objections to specific testimony, the Court will consider them at trial.

*9. Any reports, letters or documentary evidence of Plaintiff's medical condition or limitations that were not made for and was reasonably pertinent to any medical diagnosis or treatment [s]he received as such would constitute hearsay, including, but not limited to the any [sic] estimates and projected costs of any medical procedures that have not been performed on Plaintiff at the behest of Plaintiff's counsel solely for the purposes of litigation.*

Home Depot correctly states that under Rule 803(4), "[a] statement that . . . is made for—and is reasonably pertinent to—medical diagnosis or treatment; and . . . describes medical history; past or present symptoms or sensations; their inception; or their general cause" is not excluded by the rule against hearsay.[5] But

---

[5] FED. R. EVID. 803(4).

4

because Home Depot does not object to specific statements within Ramos's records it believes should be excluded, the Court **DENIES** the motion as premature but will entertain appropriate objections at trial.

*10.   Any evidence, statement, or argument that Defendant has liability coverage or any reference to insurance.*

Ramos does not object to this limine request. Therefore, the Court **GRANTS** the motion as to this issue.

*11.   Any reference to any medical malpractice suit filed against Benzel MacMaster, M.D. as too remote in time and scope of injuries treated in this action and such evidence would cause unfair prejudice, undue delay and mislead the jury.*

Ramos contends that she should be permitted to present this evidence to impeach MacMaster's credibility as an expert. Ramos may be able to present this evidence[6]; however, Home Depot does not provide sufficient explanation of the medical malpractice suits filed against MacMaster. Accordingly, the Court cannot decide whether they are too remote in time and scope of injuries treated such that the evidence should be inadmissible. Therefore, the Court **DENIES** the motion as premature and will entertain objections to this evidence in the context of trial.

*12.   Any reference to any physical or verbal abuse Plaintiff was subjected to in her past.*

Ramos does not object to this limine request. Therefore, the Court **GRANTS** the motion as to this issue.

---

[6] *Upky v. Lindsey*, No. CIV 13-0553 JB/GBW, 2015 WL 3862944, at *19 (D.N.M. June 3, 2015) (describing a "split over whether evidence of prior lawsuits may be introduced against an expert witness").

### B.   Ramos's Motion

*1.   Any evidence, reference, or statement be made as to any pre-existing or subsequent physical conditions of Ms. Ramos, or any inference or reference that her injuries or damages were caused by a pre-existing or subsequent physical condition or incident.*

Ramos contends that this information should be excluded because Home Depot did not properly plead or raise any defense relating to pre-existing or subsequent conditions.  But pre-existing or subsequent conditions is not an affirmative defense listed in Rule 8.  Ramos also contends that Home Depot has not offered any medical expert testimony concerning the causation of her injuries as to any pre-existing or subsequent condition or injury.  Without this, she argues, Home Depot cannot establish this defense by a preponderance of the evidence.

But as Home Depot notes, the burden is on Ramos to establish that the slip and fall at Home Depot caused her injuries.[7]  "Part of that burden [is] to exclude with reasonable certainty other plausible causes of her injuries supported by the record."[8] To that end, Home Depot is entitled to present evidence of its theory that Ramos's injuries are non-existent or degenerative.[9]  But it is also true that under Texas law, "[t]he general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors."[10]  Expert testimony is not required, however, when "general experience and

---

[7] *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 165 (Tex. 2015).

[8] *Id.*; *see also id.* ("The defendant's responsibility 'is not that of proving, but the purely negative one of repelling or making ineffective the adversary's attempts to prove.'" (quoting James B. Thayer, *The Burden of Proof*, 4 HARV. L. REV. 45, 56 (1890))).

[9] *Id.*

[10] *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007).

common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition."[11]  And "[g]enerally lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation."[12]

The Court lacks a sufficiently developed record to determine admissibility of Home Depot's causation evidence.  Accordingly, the Court **DENIES** the motion as premature with respect to this issue.  At trial, Home Depot should signal intent to introduce evidence, testimony, or arguments on this topic to allow for objection and evaluation before introduction.

*2.   Any statement, mention, or inquiry concerning the time or circumstances under which Plaintiff consulted or employed an attorney, including any mention concerning an attorney's recommendation either for the case or for Plaintiff's medical care.*

Ramos contends that this information has no probative value and is irrelevant and unduly prejudicial.  One issue in this case is the reasonableness and necessity of Ramos's medical treatment.  So, Home Depot responds that "evidence of attorney-directed care is directly relevant to whether there are motivations at play that go beyond the motivation to treat [Ramos] with the appropriate amount of medical care for a reasonable price"—especially because a number of the medical providers have a

---

[11] *Id.* at 666 (cleaned up).

[12] *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984).

7

financial interest in the outcome of the lawsuit.[13]  Because the evidence may be relevant and is not unduly prejudicial,[14] the Court **DENIES** the motion on this issue.

*3.   No testimony, inquiry, or evidence regarding any previous accidents, workplace injuries, claims for compensation, or previous injuries.*

Ramos argues that this information is irrelevant, has no influence on the claims or injuries in this case, does not provide any probative value, and "would constitute improper propensity evidence in an attempt to place responsibility on Plaintiff which Defendants are precluded from doing as a Texas non-subscriber."[15] Home Depot contends that past incidents and pre-existing conditions are relevant to link the fall to the cause of Ramos's injuries.  Further, it argues it should be allowed to present evidence of other instances where Ramos has been unsteady or has fallen to prove that an unsafe work condition did not cause Ramos's fall.

"An employer that does not subscribe to the Texas workers' compensation insurance program foregoes certain defenses.  However, a non-subscribing employer is entitled to the defense that the actions of its employee were the sole proximate cause of the employee's injury."[16]  Ramos does not object to specific testimony, so the Court lacks a sufficiently developed record to determine relevance and admissibility of Home Depot's evidence.  Accordingly, the Court **DENIES** the motion as premature

---

[13] Doc. No. 102 at 2.

[14] *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) ("'Unfair prejudice' as used in rule 403 is not to be equated with testimony that is merely adverse to the opposing party.  Virtually all evidence is prejudicial; otherwise it would not be material.  The prejudice must be 'unfair.'").

[15] Doc. No. 81 at 3 (citing TEX. LABOR CODE § 406.033).

[16] *Brown v. Holman*, 335 S.W.3d 792, 795 (Tex. App.—Amarillo 2011, no pet.)

with respect to this issue. Home Depot should signal intent to introduce evidence, testimony, or arguments on this topic to allow for objection and evaluation before introduction.

*4.     No testimony, inquiry, or evidence concerning or implicating any claims that Plaintiff was contributorily negligent, assumed the risk, or that Plaintiff's injuries were caused by the negligence of a fellow employee because Defendant is precluded from making these claims since it is a Texas non-subscriber.*

The Home Depot does not object to this request in limine. The Court therefore **GRANTS** the motion as to this issue.

*5.     No testimony, inquiry, or evidence using the term "wet environment" to describe the Home Depot garden department where Ms. Ramos fell as this term is misleading and would cause significant confusion with the jury.*

Ramos argues that this term should be excluded because "[t]he term by itself implicates that the garden department's ground was substantially wet all of the time. However, visiting a Home Depot garden department and the pictures from this case establish that the department ground is not a 'wet environment.'"[17] But Home Depot responds that this is a well-known term used by current and former Home Depot associates. As such, the jury should hear evidence "on what constitutes a 'wet environment' and what, if any, impact that condition played in this incident.[18] Moreover, Home Depot argues that if Ramos is allowed to present evidence that there is occasionally moisture on the floor of the Garden Department, then Home Depot must be able to "point out [that] this is a fact commonly known to all associates, and

---

[17] Doc. No. 81 at 34.
[18] Doc. No. 102 at 6.

that it is so well known, there is a logical term for it that is known to all, including [Ramos]: Wet Environment."[19]

The Court agrees with Home Depot and finds that the term is not unfairly prejudicial. The Court **DENIES** the motion on this issue.

*6. No testimony, inquiry, or evidence concerning whether any of Plaintiff's medical providers have been provided, or that Plaintiff's attorneys provided letters of protection, or other agreements concerning payment for medical expenses based on the outcome of the litigation.*

Ramos contends that this evidence is irrelevant and prejudicial. Home Depot responds that the evidence is relevant to contesting Ramos's legitimate damages and her credibility and motivations for seeking care for her alleged injuries. Because the evidence may be relevant,[20] the Court **DENIES** the motion and will consider objections at trial.

*7. That Defendant is not liable on the basis of any affirmative defense to which Defendant has not filed a pleading in support of such allegation.*

The Home Depot does not object to this request in limine. The Court therefore **GRANTS** the motion as to this issue.

---

[19] *Id.*

[20] *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 254 (Tex. 2021), *reh'g denied* (Sept. 3, 2021) (noting that "letters of protection" give the providers a direct financial stake in the resolution of [the plaintiff's] claims"); *Acuna v. Covenant Transp., Inc.*, No. SA-20-CV-01102-XR, 2022 WL 95241, at *2 (W.D. Tex. Jan. 10, 2022) (noting that "the Texas Supreme Court recently clarified that medical providers' negotiated rates and fee schedules with private insurers and public-entity payors are relevant and discoverable in personal-injury litigation on the issue of the reasonableness of a plaintiff's claimed damages").

*8. No testimony, inquiry, or evidence concerning or mentioning whether or not Plaintiff failed to mitigate her damages. Failure to mitigate is an affirmative defense that Defendant failed to plead and that Defendant failed to provide any competent evidence in support of that defense.*

"Generally, Texas law treats failure to mitigate damages in a personal injury case as an affirmative defense . . . ."[21] Home Depot argues that under Texas law, the defense does not have be pled in the defendant's answer.[22] But even if Home Depot was required to plead this defense, it argues it raised the defense at a pragmatically sufficient time and Ramos will not be prejudiced in her ability to respond.[23]

The Court agrees. Ramos does not explain how she will be prejudiced in her ability to respond. The Court finds Ramos will not be prejudiced in her ability to respond because the defense was raised before trial.[24] The Court **DENIES** the motion on this issue.

## IV. Conclusion

The Court **GRANTS** Home Depot's motion in limine as to issues 4, 5, 6, 10, and 12 and **DENIES** the motion as to issues 1, 2, 3, 7, 8, 9 and 11.

---

[21] *Ruelas v. W. Truck & Trailer Maint. Inc.*, No. PE:18-CV-2-DC, 2019 WL 4060889, at *4 (W.D. Tex. June 6, 2019).

[22] *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 350 (5th Cir. 2008).

[23] *See Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986); *Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017) ("[I]f the affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, then a technical failure to comply precisely with Rule 8(c) is not fatal." (cleaned up)).

[24] *See Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) (holding that the defendant did not waive its affirmative defense because it was raised in a pretrial motion in limine); *see also Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019) ("[T]he prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the defense, and evidence in support of it, were detrimental to the plaintiff (as every affirmative defense is).").

The Court **GRANTS** Ramos's motion in limine as to issues 4 and 7 and **DENIES** the motion as to issues 1, 2, 3, 5, 6, and 8.

**IT IS SO ORDERED** this 5th day of April, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE